For additional opinion, see 489 F.3d 993.

**Darrell Anthony GAUTT, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent—Appellee.**

No. 03–55534.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 26, 2007.

Filed June 6, 2007.

Darrell Anthony Gautt, Coalinga, CA, pro se.

Steven Edward Mercer, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: McKEOWN and BERZON,

Circuit Judges, and KING *, Senior Judge.

## MEMORANDUM **

Darrell Anthony Gautt challenges his second-degree murder conviction under section 187(a) of the California Penal Code, arguing that the prosecution exercised its peremptory strikes in a racially discriminatory manner. *See Johnson v. California*, 545 U.S. 162, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005); *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1] The parties are familiar with the facts underlying the *Batson* claim so we do not recite them here.

The jury challenge rests exclusively on a marginal statistical showing and an incomplete picture of the race of all those struck from the jury. We do not know what percentage of the 34 jurors who were questioned were African American; and we do not know the race of the jurors excused for cause or struck by the defense. Although the prosecution used three of its twenty allotted peremptory strikes against African Americans, nine strikes in total, and only two African Americans were on the sworn panel, by itself these facts are insufficient to show "that the totality of the relevant facts give[ ] rise to an inference of discriminatory purpose." *Batson*, 476 U.S. at 93–94, 106 S.Ct. 1712. We affirm the denial of Gautt's habeas petition as to the underlying conviction.

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

I respectfully dissent. I believe that "the totality of relevant facts" presented by Gautt "gives rise to an inference of discriminatory purpose." *See Batson v. Kentucky*, 476 U.S. 79, 94, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Gautt thus satisfied his initial burden of making out a prima facie case of discrimination, as required under *Batson*'s three-step analytical framework. *See Purkett v. Elem*, 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

In particular, Gautt satisfied his burden by pointing to a statistical disparity between the racial composition of the jurors removed by the state via peremptory strikes and the racial composition of the pool of jurors that the state questioned. *See Williams v. Runnels*, 432 F.3d 1102, 1107 (9th Cir.2006) (explaining that "a defendant can make a prima facie showing based on a statistical disparity alone"). The state exercised three of its first eight peremptory strikes (or 37.5%) against African Americans, when only five of the twenty-one jurors available to it for striking (or 23.8%) were African American.[2] To be sure, these numbers are not quite as egregious as numbers presented in other cases presenting *Batson* claims. *See, e.g., Williams*, 432 F.3d at 1107 (three of the first four peremptory challenges (or 75%) used against African Americans, when only four of the first forty-nine jurors questioned (or 8%) were African American); *Fernandez v. Roe*, 286 F.3d 1073, 1078 (9th

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In a separate Opinion, we addressed Gautt's sentencing claims. *Gautt v. Lewis*, 489 F.3d 993 (9th Cir.2007).

2. Based on the record before us, as well as the state's own presentation of the relevant facts in its briefs, we know that a total of thirty-four jurors were questioned during the voir dire and that five of these jurors (of unknown race) were struck for cause. Of the remaining twenty-nine jurors, Gautt's attorney struck eight jurors (again, of unknown race). This left the state with twenty-one jurors potentially to strike.

Cir.2002) (four of the first seven peremptory challenges (or 57%) used against Hispanics, when only 12% of the venire was Hispanic); *Turner v. Marshall*, 63 F.3d 807, 812 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir.1999) (en banc) (five of the first nine peremptory challenges (or 56%) used against African Americans, when only eleven of the thirty-seven jurors questioned (or 30%) were African American). Yet, the Supreme Court has quite strenuously emphasized just how low the prima facie bar is. *See Johnson v. California*, 545 U.S. 162, 170, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005) (writing that the first step of the *Batson* framework is not intended "to be so onerous that the defendant would have to persuade the judge—on the basis of all the facts, some of which are impossible for the defendant to know with certainty—that the challenge was more likely than not the product of purposeful discrimination"). I believe that the numbers Gautt presents are sufficient to satisfy this threshold.

I would therefore remand the matter to the district court for an evidentiary hearing, where the state could offer race-neutral reasons for its peremptory strikes and thus try to meet its burden under the second step of the *Batson* framework. *See Batson*, 476 U.S. at 94, 106 S.Ct. 1712; *Paulino v. Castro*, 371 F.3d 1083, 1092 (9th Cir.2004).[3]

For these reasons, I dissent.

---

**3.** The prosecutor was not able to present fully its reasons for the peremptory strikes when Gautt's lawyer objected, because the state trial judge impermissibly interjected his own race-neutral reasons as to why the prosecution *may* have excused the jurors at issue. *See Johnson*, 545 U.S. at 172, 125 S.Ct. 2410 (holding such "needless and imperfect speculation" contrary to the purpose of the *Batson* framework).

